## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JASON COPELAND,

      Plaintiff,

v.

ATLAS FLOWERS, INC. d/b/a Golden
Flowers, a Florida corporation,

      Defendant.

_____/

## COMPLAINT

Plaintiff, JASON COPELAND, by and through his undersigned attorneys, files this Complaint against ATLAS FLOWERS, INC. d/b/a Golden Flowers, and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. *§* 201, *et seq.,* (hereinafter "FLSA").

2. Plaintiff brings this action to recover overtime wages that were denied to him in violation of the FLSA in the three-year period prior to the filing of this Complaint.

### JURISDICTION AND PARTIES

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4. Atlas is a wholesale distributor of fresh-cut flowers. At all material times, Atlas was engaged in commerce or in the production of goods for commerce as defined in the FLSA, 29 U.S.C. §§203(r) and 203(s).

5.      During the relevant time period, Atlas had an annual gross volume of sales made or business done of not less than $500,000.

6.      Atlas is subject to the jurisdiction of this Court because it operates a business in the Southern District of Florida.

7.      Plaintiff is a former employee of Atlas who worked as an inside sales representative.

**VENUE**

8.      The venue of this Court over this controversy is based upon the following:

a.      The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and

b.      Atlas is and continues to be a corporation doing business within this judicial district.

**STATEMENT OF FACTS**

9.      Plaintiff worked for Atlas as an inside sales representative from on or about January 24, 2005 to July 30, 2018.

10.      Plaintiff's position was not exempt from the FLSA's overtime requirements, as it was not an outside sales position and did not meet the criteria for the exemption for commissioned employees of retail or service establishments.

11.      During the relevant period, Plaintiff received an annual salary of $50,000 plus commissions.

12.      Plaintiff's salary was intended to cover a 40-hour workweek. However, Plaintiff regularly worked about 60 hours per week, except for the following.  Plaintiff occasionally traveled to visit customers or work trade shows, during which times Plaintiff worked about 80 hours per

week. Additionally, in the weeks leading up to certain holidays (Valentine's Day, Secretary's Day, Easter, and Mother's Day), Plaintiff worked about 70 hours per week.

13.     Atlas knowingly and willfully failed to pay overtime wages to Plaintiff.

14.     Plaintiff has retained the undersigned counsel to represent him in this litigation and has agreed to pay them a reasonable fee for their services.

<u>**COUNT I**</u>
<u>**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**</u>

15.     Plaintiff repeats and realleges paragraphs 1 through 14 as if fully set forth herein.

16.     Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of forty (40) per week in accordance with the FLSA.

17.     During Plaintiff's employment with Atlas, Plaintiff worked hours in excess of forty (40) per week but was never compensated at the statutory rate of time and one-half.

18.     Additionally, Atlas failed to properly apprise Plaintiff of his rights under the FLSA.

19.     Due to the unlawful acts of Atlas, Plaintiff has suffered damages in the form of unpaid overtime wages.

20.     As a result of Atlas's disregard of the FLSA, Plaintiff is entitled to liquidated damages.

21.     Plaintiff is also entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Atlas:

a.     Declaring that Atlas violated the overtime provisions of 29 U.S.C. § 207;

b.     Awarding Plaintiff overtime compensation in the amount calculated;

c.     Awarding Plaintiff liquidated damages in the amount calculated;

    d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.      Awarding Plaintiff post-judgment interest; and

    f.      Ordering any other and further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 22, 2019

*s/ Mark J. Beutler*___
Mark J. Beutler, Esq.
Florida Bar No. 0023400
E-mail: mjb@mjbpa.com
E-mail: jmm@mjbpa.com
**LAW OFFICES OF MARK J. BEUTLER, P.A.**
9400 South Dadeland Boulevard, Suite 600
Miami, FL  33156
Tel: 305-487-0942
Fax: 786-513-4651

*/s/ Richard D. Tuschman*
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
E-mail: assistant@gtemploymentlawyers.com
**RICHARD D. TUSCHMAN, P.A.**
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: (954) 369-1050
Facsimile: (954) 380-8938

*Attorneys for Plaintiff*